United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Boston Scientific Corporation et al., | NO. C 04-04072 JW |
| Plaintiff(s), | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS** |
| Micrus Corporation, | |
| Defendant. | |

## I.  INTRODUCTION

Boston Scientific Corporation and Target Therapeutics, Inc. ("Plaintiffs") bring suit against Micrus Corporation ("Defendant") for patent infringement under 35 U.S.C. § 271.  Presently before the Court is Micrus' motion to stay proceedings.  The motion was discussed during a case management conference held on March 20, 2006.  For the reasons set forth below, the Court DENIES the motion.

## II.  BACKGROUND

On September 27, 2004, Plaintiffs Boston Scientific and Target filed suit against Defendant Micrus alleging the infringement of U.S. Patent No. 6,010,498 ("the '498 patent") and U.S. Patent No. 5,895,385 ("the '385 patent").  Both are entitled "Endovascular electrolytically detachable wire and tip for the formation of thrombus in arteries, veins, aneurysms, vascular malformations and arteriovenous fistulas."  The '498 patent claims the usage of radioopaque markers on the wire and on

the catheter to determine whether the tip has been fully inserted into the vascular cavity. The tip is properly placed when the marker(s) on the wire aligns with the marker(s) on the catheter. The '385 patent claims the method of inserting a wire into a vascular cavity to stem blood flow. After insertion, the tip of the wire is detached and left within the vascular cavity thereby stemming blood flow. The tip is capable of being folded upon itself multiple times. This wire is relaxed and has no substantial memory of its predisposed shape. To facilitate the detachment of the tip, one portion of the wire is insulated while the rest is left exposed to permit electrolysis. Current then flows through the wire and electrolyzes the wire, thereby detaching the tip and leaving it behind to stem blood flow.

On October 4, 2004, in a related action[1], third party Cordis Corporation requested a reexamination of the '498 and '385 patents with the United States Patent and Trademark Office ("USPTO"). The USPTO agreed to reexamine the patents. Thereafter, the Court stayed the proceedings pending the reexamination. The stay, however, was set to expire on February 23, 2006.

Thus far, the USPTO has confirmed all twelve claims of the '498 patent[2] along with eleven claims of the '385 patent[3]. (Decl.of R.Schwillinski, Exhibit D, E.) However, the USPTO rejected thirty-two claims of the '385 patent as anticipated by U.S. Patent No. 5,122,136 ("the '136 patent") and four claims of the '385 patent as obvious in light of the '136 patent coupled with another reference. (Decl.of R.Schwillinski, Exhibit E.)

Defendant now moves to continue the stay pending the final conclusion of the reexam. Defendants contend that the stay should continue because the case is in its infancy, discovery has not begun nor has a trial date been set. (Def. Rep. at 1.) Defendants also argue that Plaintiffs would not be unduly prejudiced by the delay and that the case would move more efficiently by avoiding

---

[1] Boston Scientific Corp. et al. v. Cordis Corp., Case No. C02-01474 JW

[2] The '498 patent possesses a total of twelve claims. Claims 1 and 7 are independent. Claims 2 through 6 are dependent on Claim 1, while Claims 8 through 12 are dependent on Claim 7.

[3] The '385 patent possesses a total of forty-seven claims. Fourteen are independent. Thirty-three are dependent. The USPTO confirmed only one independent claim.

2

duplicative discovery given the similarities between the two patents-in-suit.

Plaintiffs, however, contend that the reexam is essentially finished because the '498 patent claims were confirmed while the invalidated '385 patent claims resulted from mere "clerical error." (Plaintiffs' Opp. at 3.) Plaintiffs argue that the prior art used to invalidate various '385 patent claims, the '136 patent, mistakenly failed to make references to certain intervening co-pending applications between the '136 and the '385 patents. Id. Plaintiffs characterize this omission as a "clerical error." Id. They contend that the '136 patent will no longer be used as invalidating prior art once this omission is corrected and that the patentee[4] has already begun proceedings to correct it. Id. Plaintiffs believe the defect will be remedied and the '385 patent will be reinstated. (Plaintiffs' Opp. at 4.) Plaintiffs also argue that notwithstanding the '385 patent, litigation should at least proceed with the '498 patent because any further delay would harm them. Id.

### III. STANDARDS

"There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." ASCII Corp. v. STD Entertainment USA, Inc., 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). District courts have broad discretion in determining these motions. Id; Ethicon, Inc. v. Quiqq, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In ruling on a motion to stay, courts consider (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete or a trial date has been set. Gunthy-Renker Fitness, LLC v. Icon Health and Fitness, Inc., No. CV 97-7681, 1998 U.S. Dist. LEXIS 16553 at *5, 48 U.S.P.Q.2d 1058 (C.D. Cal. July 15, 1998).

### IV. DISCUSSION

In its motion, Defendant argues that the Gunthy-Renker factors favor a stay. First, Defendant contends that Plaintiffs would not be unduly prejudiced by further delay. Second, it argues that a stay would simplify the issues in question by resolving which patent claims are valid.

---

[4] The Regents of the University of California own the patents. Plaintiffs are licensees.

1 Defendant contends this threshold inquiry of patent validity should be determined before litigation
2 proceeds.  Third, Defendant argues that staying proceedings is the prudent choice because the case is
3 still in its infancy - discovery has not begun nor has a trial date been set.

4       The Court has carefully considered Defendant's arguments.  However, the Court sees no
5 reason to stay this case any further.  A substantial amount of work can be accomplished prior to the
6 final resolution of the USPTO reexam.  The Court recognizes that the patents-in-suit share mutual
7 inventors, identical specifications, and similar concepts, which weigh in favor of proceeding with
8 coordinated and parallel discovery for the patents-in-suit.  The Court is confident, however, that the
9 parties are capable of managing discovery in a manner that will avoid duplication and waste.

## V.  CONCLUSION

11       For the reasons stated, the Court DENIES Defendant's Motion to Stay Proceedings.  The
12 stay is lifted as to all patent claims confirmed by the USPTO.  Plaintiffs are instructed to notify this
13 Court and Defendant when the USPTO proceedings are completed.

14 Dated: March 21, 2006                                        /s/James Ware
04cv4072stay                                                                        JAMES WARE
15                                                                                              United States District Judge

28                                                          4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Amanda Marie Kessel akessel@goodwinprocter.com
David Thomas Pollock david.pollock@weil.com
Douglas E. Lumish doug.lumish@weil.com
J. Anthony Downs jdowns@goodwinprocter.com
Julie Lynn Fieber jfieber@flk.com
Michael Francis Kelleher mkelleher@flk.com
Paul F. Ware pware@goodwinprocter.com
Roland Schwillinski rschwillinski@goodwinprocter.com

**Dated: March 21, 2006**                                      **Richard W. Wieking, Clerk**

**By:_/s/JW Chambers_____**
     **Melissa Peralta**
     **Courtroom Deputy**

**United States District Court**
For the Northern District of California