*E-FILED 1/22/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION, ET AL., | NO. C 04-04072 JW (RS) |
| Plaintiffs, | **ORDER GRANTING MOTION TO COMPEL** |
| v. | |
| MICRUS CORPORATION, | |
| Defendant. | |

## I. INTRODUCTION

In this patent infringement action, defendant Micrus Corporation seeks to compel plaintiffs Boston Scientific Corporation and Target Therapeutics, Inc. (collectively "Boston Scientific") to respond further to two interrogatories seeking information as to the date of conception and the date of reduction to practice of the inventions in suit.[1]  Because Boston Scientific's responses are ambiguous, even as supplemented, Micrus's motion to compel will be granted.

---

[1] The parties have resolved their disputes with respect to two additional interrogatories that were originally included in the motion to compel before the Court.

1

II.  DISCUSSION[2]

A. Interrogatory No. 2

This interrogatory seeks the date of conception of each alleged invention claimed in the patents in suit.  Boston Scientific argues that it is not possible to state the dates with precision, and that its amended response, served after this motion was filed, adequately points to documents and testimony of the inventors from which the best estimates of the dates can be derived.  In its reply brief, Micrus complains that the supplemental response remains deficient because even though Boston Scientific has provided sufficient information for Micrus to form its *own* opinion as to when the inventions were conceived, Micrus cannot determine when Boston Scientific *contends* conception occurred.

Although this interrogatory was not phrased as a contention interrogatory *per se*, it does request Boston Scientific to "identify" the date of conception; as such, it reasonably calls for *Boston Scientific* to disclose *its* view as to when the inventions were conceived.  At oral argument Boston Scientific suggested that it would be premature to require it to take a firm position as to the date of conception (or, as to a date of reduction to practice in response to Interrogatory No. 4, discussed below).  Boston Scientific, however, offered no explanation as to what additional information it would need or could reasonably be expected to obtain through discovery or otherwise before it is in a position to formulate its contentions.  Accordingly, the motion will be granted.  Although Boston Scientific will not be required to state a specific date or dates if it in good faith believes such precision is not possible, it shall state with clarity the approximate date or dates of conception it intends to claim in this action.

B.. Interrogatory No. 4

This interrogatory seeks the date of reduction to practice of each alleged invention.  Boston Scientific argues its amended response is adequate because it has supplied the *constructive* date–i.e.

---

[2] The facts underlying this action are not pertinent to the discovery issues presented, and will not be set out here.  There is no dispute that the date of "conception" and the date of "reduction to practice" are relevant, at least for purposes of discovery, in a patent infringement action such as this.

2

1  the date of the patent application–which it contends is sufficient under the precedent of *Nazomi v.*
2  *ARM Holdings*, 2003 WL 24054504 (N.D.Cal. 2003).  In *Nazomi*, however, this Court ordered the
3  patentee to provide *either* the date of actual reduction to practice *or* the constructive date–whichever
4  it was claiming applied.  See 2003 WL  24054504 at *3 ("Nazomi shall provide the actual dates *that*
5  *it is claiming* for conception and reduction to practice (or 'constructive reduction')" (emphasis
6  added).

7   Here, Boston Scientific has provided the constructive date, but its response goes on to say
8  that the actual date may have been earlier, and points to various documents concerning the
9  development efforts.  As a result, the ambiguity in Boston Scientific's response is two-fold: not only
10 is it unclear whether Boston Scientific intends to rely on an actual date that precedes the constructive
11 date, but if it is so intending, then Boston Scientific has failed to state what *it contends* is shown by
12 the evidence to which it points–i.e. the problem is the same as with its response to Interrogatory No.
13 2, discussed above.

14 Accordingly, the motion to compel will be granted.  Again, Boston Scientific need not state
15 specific dates if it in good faith believes it cannot do so, but it shall serve a further response stating
16 with clarity (1) whether it intends to rely on a date or dates of actual reduction to practice that
17 precede the constructive date, and if so, then (2) the approximate date or dates of actual reduction to
18 practice it intends to assert.

### III.  CONCLUSION

21 The motion to compel is GRANTED, to the extent set forth above.  Amended responses shall
22 be served within 20 days of the date of this order.

24 IT IS SO ORDERED.
25 Dated: January 22, 2007

     _____
     RICHARD SEEBORG
26   United States Magistrate Judge

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

J. Anthony Downs    jdowns@goodwinprocter.com,

Julie Lynn Fieber    jfieber@flk.com

Michael Francis Kelleher    mkelleher@flk.com,

Amanda Marie Kessel    akessel@goodwinprocter.com

Douglas E. Lumish    doug.lumish@weil.com, arlene.uyemura@weil.com

Matthew D. Powers    matthew.powers@weil.com

Roland Schwillinski    rschwillinski@goodwinprocter.com,

Patrick S. Thompson    pthompson@goodwinprocter.com

Paul F. Ware , JrPC    pware@goodwinprocter.com,

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 1/22/07**                                                                 **Chambers of Judge Richard Seeborg**

                                                                                    **By:      /s/ BAK**

ORDER GRANTING MOTION TO COMPEL
C 04-04072 JW (RS)

4