IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Boston Scientific Corporation, et al., | NO. C 04-04072 JW |
|     Plaintiffs,<br>v.<br>Micrus Corporation,<br>    Defendants. | **PROPOSED ORDER OF APPOINTMENT OF A TECHNICAL ADVISOR, MR. RAINER SCHULZ** |

## I. BACKGROUND

In this patent infringement action, Plaintiffs Boston Scientific Corporation ("Boston") and Target Therapeutics, Inc. ("Target") (collectively, "Boston Scientific") assert that Defendant Micrus Corporation ("Micrus") willfully infringed, and continues to infringe, two patents: (i) United States Patent No. 5,895,385 (the "'385 Patent") entitled "Endovascular Electrolytically Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins, Aneurysms, Vascular Malformations and Arteriovenous Fistulas"; and (ii) U.S. Patent No. 6,010,498 (the "'498 Patent") also entitled "Endovascular Electrolytically Detachable Wire and Tip for the Formation of Thrombus in Arteries, Veins, Aneurysms, Vascular Malformations and Arteriovenous Fistulas." Target contends it is the exclusive licensee of the '385 and '498 patents. Boston contends it is the exclusive distributor of products manufactured pursuant to these patents.

Micrus has asserted counterclaims that Boston Scientific infringes U.S. Patent Nos. 5,645,558 ("the '558 Patent") and 5,766,219 ("the '219 Patent") each entitled "Anatomically Shaped Vasoocclusive Device and Method of Making Same;" and 6,168,615 ("the '615 Patent") entitled

1  "Method and Apparatus for Occlusion and Reinforcement of Aneurysms" (collectively "Micrus'
2  patents-in-suit").  Micrus has also asserted counterclaims for antitrust violations, disparagement,
3  interference with prospective economic advantage and unfair business practices.

4  The parties' patents-in-suit generally relate to coil delivery systems which are medical
5  devices used to insert embolization coils to a selected site within a blood vessel.  They are
6  commonly used in the treatment of brain aneurysms.

7  This case is related to Boston Scientific Corp., et al. v. Cordis Corp., CV 02-1474.  Though
8  not officially tagged as related cases, Boston Scientific's patents-in-suit in this case are also asserted
9  in The Regents of California, v. Micro Therapeutics Inc., et al., CV 03-5669, where Boston
10 Scientific is a third-party Defendant.  The Court has appointed a Technical Advisor in both Boston
11 v. Cordis and The Regents v. Micro actions.

12 The Court finds that due to the complexity of these related cases and the patents-in-suit, the
13 Court would benefit from the services of a technical advisor on this case as with the others,
14 especially since there are two new patents—Micrus' counter patents-in-suit.

## II. STANDARDS

16 A district judge has inherent authority to appoint a technical advisor when the judge deems it
17 desirable and necessary.  Ass'n of Mexican Am. Educators v. California, 231 F.3d 572, 590 (9th Cir.
18 2000) (*en banc*).  The exercise of this authority should be used sparingly and only in highly
19 complicated cases.  TechSearch, L.L.C. v. Intel Corp., 286 F.3d 1360, 1378 (Fed. Cir. 2002)
20 (interpreting the Ninth Circuit standard for appointing technical advisors).  In those limited cases,
21 where the complexity of the science and technology involves something well beyond regular
22 questions of fact and law, the district court has the inherent authority to tap the outside skill and
23 expertise of a technical advisor.  Federal Trade Commission v. Enforma Natural Products, Inc., 362
24 F.3d 1204, 1213 (9th Cir. 2004); see also Reilly v. United States, 863 F.2d 149, 157 (1st Cir. 1988).
25 The technical advisor acts as educator, advising on terminology so that the district court can better
26 understand complex evidence and properly discharge its role as decision maker.  TechSearch, 286
27 F.3d at 1377.

2

In <u>Reilly</u>, while conceding that a district court has inherent authority to appoint an expert as a technical advisor, the appellant argued that such power is strictly circumscribed by Fed. R. Evid. 706(a). 863 F.2d at 154. The First Circuit held the plain language of 706(a) indicates that the rule is confined to court-appointed expert witnesses and does not embrace expert advisors or consultants:

> [706(a)] establishes a procedural framework for nomination and selection of an expert witness and for the proper performance of his role after an appointment is accepted. [] By and large, these modalities--though critically important in the realm customarily occupied by an expert witness--have marginal, if any, relevance to the functioning of technical advisors. Since an advisor, by definition, is called upon to make no findings and to supply no evidence, [internal citations omitted], provisions for depositions, cross-questioning, and the like are inapposite. [citations omitted.]

<u>Id.</u> at 155-156.

### III.  PROPOSED ORDER OF APPOINTMENT

The Court intends to appoint Mr. Rainer Schulz[1] as a "Technical Advisor" under the following terms:

1. Any advice provides to the Court by Mr. Schulz will not be based on any extra-record information.

2. From time to time, the Court may request Mr. Schulz to provide a formal written report on technical advice concerning the case. A copy of the formal written report prepared by Mr. Schulz shall be provided to the parties. However, the Court reserves the right to have informal verbal communication with Mr. Schulz which are not included in any formal written report.

2. Mr. Schulz may attend any court proceedings.

3. Mr. Schulz may review any pleadings, motions or documents submitted to the Court.

4. As a technical advisor, Mr. Schulz will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Schulz will be outside the purview of "expert witnesses" under Fed. R. Evid. 706. As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Schulz. See <u>Reilly</u>, 863 F.2d at 155-156.

---

[1] Attached to this Proposed Order is a courtesy copy of Mr. Schulz's resume.

3

5. Mr. Schulz will have no contact with any of the parties or their counsel except for billing purposes.

6. The parties are directed to pay the reasonable fees charged by Mr. Schulz for his service as a technical advisor to the Court in this case. If the appointment is made, the parties shall confer to determine an apportionment for purposes of payment of Mr. Schulz's fees. All matters pertaining to the fees of Mr. Schulz are referred to the assigned Magistrate Judge Richard Seeborg.

7. Mr. Schulz shall file a declaration that he will adhere to the terms of his appointment.

On for before **May 29, 2007**, any party to the litigation wishing to object to Mr. Schulz's appointment on any ground, shall file a Notice of Objection to Appointment of Technical Advisor. Among the grounds for objection, the Court specifically would wish to know of any objection based on the following grounds:

A. Bias on the part of Mr. Schulz;

B. Lack of funds to share the fees of the advisor on the part of the objecting party.

Any objection shall be lodged directly with Magistrate Judge Seeborg. The objection shall state the grounds of objection and be accompanied by a supporting declaration and legal memorandum supporting the objection. Judge Seeborg shall not advise Judge Ware of the identity of any party making an objection. Judge Seeborg may confer with the parties to determine if any modification of the terms of appointment would overcome the objection. Thereafter, Judge Seeborg shall submit a recommendation to Judge Ware in accordance with paragraphs 1-7 or as modified, or of non-appointment due to objections. Judge Ware shall determine whether to make the appointment under any modified terms of appointment.

Dated: May 22, 2007

JAMES WARE
United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Allison H Stiles astiles@goodwinprocter.com
Douglas E. Lumish doug.lumish@weil.com
Eric P. Xanthopoulos eric.xanthopoulos@weil.com
J. Anthony Downs jdowns@goodwinprocter.com
Julie Lynn Fieber jfieber@flk.com
Matthew D. Powers matthew.powers@weil.com
Michael Francis Kelleher mkelleher@flk.com
Michael G. Strapp mstrapp@goodwinprocter.com
Patrick S. Thompson pthompson@goodwinprocter.com
Paul F. Ware pware@goodwinprocter.com
Rip J Finst rip.finst@weil.com
Roland Schwillinski rschwillinski@goodwinprocter.com
Russell W. Binns rbinns@goodwinprocter.com

Dated:  May 22, 2007                              Richard W. Wieking, Clerk


                                                  By:     /s/ JW Chambers
                                                          Elizabeth Garcia
                                                          Courtroom Deputy