IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Boston Scientific Corporation, et al.,<br><br>      Plaintiffs,<br>  v.<br><br>Micrus Corporation,<br><br>      Defendants. | NO. C 04-04072 JW<br><br>**ORDER APPOINTING MR. RAINER SCHULZ AS A TECHNICAL ADVISOR** |

On May 22, 2007, the Court issued a Proposed Order of Appointment of a Technical Advisor, Mr. Rainer Schulz. (hereafter, "Proposed Order," Docket Item No. 116.) The Proposed Order directed any objections to the appointment of Mr. Schulz be lodged with Magistrate Judge Seeborg. On May 31, 2007, Judge Seeborg filed his Report and Recommendation Re: Objection to Appointment of Technical Advisor. (hereafter, "Report," Docket Item No. 170.) The Report states that objections have been raised with respect to Mr. Schulz's experience and background. The Report made clear that "no party objects [to the appointment] on the grounds of bias or a lack of funds to share in the fees of the advisor." (Report at 1.) The Report concludes that "it is for the presiding judge to decide if" the appointment of Mr. Schulz comports with the standards articulated in <u>Reilly v. United States</u>, 863 F.2d 149, 156 (1st Cir. 1988). (Report at 2.)

On June 1, 2007, prior to the claim construction hearing, the Court addressed the parties' objections. For the reasons stated on the record, the Court overrules the objections and appoints Mr. Rainer Schulz as a Technical Advisor under the following terms:

1. Any advice provided to the Court by Mr. Schulz will not be based on any extra-record information.

2. From time to time, the Court may request Mr. Schulz to provide a formal written report on technical advice concerning the case. A copy of the formal written report prepared by Mr. Schulz shall be provided to the parties. The Court, however, reserves the right to have informal verbal communications with Mr. Schulz which are not included in any formal written report.

3. Mr. Schulz may attend any court proceedings.

4. Mr. Schulz may review any pleadings, motions or documents submitted to the Court.

5. As a technical advisor, Mr. Schulz will make no written findings of fact and will not supply any evidence to the Court. Thus, Mr. Schulz will be outside the purview of "expert witnesses" under Fed. R. Evid. 706. As such, the provisions in Rule 706 for depositions and questioning of expert witnesses will be inapplicable to Mr. Schulz. See Reilly, 863 F.2d at 155-56.

6. Mr. Schulz will have no contact with any of the parties or their counsel other than for billing purposes.

7. The parties are directed to pay the reasonable fees charged by Mr. Schulz for his service as a technical advisor to the Court in this case. The parties shall confer to determine an apportionment for purposes of payment of Mr. Schulz's fees. All matters pertaining to the fees of Mr. Schulz are referred to the assigned Magistrate Judge.

8. Mr. Schulz shall file a declaration that he will adhere to the terms of his appointment.

Dated: June 1, 2007

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Allison H Stiles astiles@goodwinprocter.com
Douglas E. Lumish doug.lumish@weil.com
Eric P. Xanthopoulos eric.xanthopoulos@weil.com
J. Anthony Downs jdowns@goodwinprocter.com
Julie Lynn Fieber jfieber@flk.com
Matthew D. Powers matthew.powers@weil.com
Michael Francis Kelleher mkelleher@flk.com
Michael G. Strapp mstrapp@goodwinprocter.com
Patrick S. Thompson pthompson@goodwinprocter.com
Paul F. Ware pware@goodwinprocter.com
Rip J Finst rip.finst@weil.com
Roland Schwillinski rschwillinski@goodwinprocter.com
Russell W. Binns rbinns@goodwinprocter.com

**Dated: June 1, 2007**                    **Richard W. Wieking, Clerk**

                                           **By:    /s/ JW Chambers**
                                           **Elizabeth Garcia**
                                           **Courtroom Deputy**